PAUL PARIS v. STATE.

No. A-720. Opinion Filed September 5, 1911.

Appeal from Coal County Court; R. H. Wells, Judge.

PER CURIAM. What purports to be a transcript of the record and case-made in this case is not signed and certified to either by the judge of the county court of Coal county or the clerk of said court. This cannot be supplied by a stipulation of the attorneys. We therefore cannot consider this pretended appeal and it is dismissed.

---

FRANK HOWELL v. STATE.

No. A-721. Opinion Filed September 5, 1911.

Appeal from Woodward County Court.

PER CURIAM. On the 16th day of December, 1909, judgment was rendered in the county court of Woodward county against the appellant, and he was sentenced to pay a fine of $500 and to be confined for six months in the county jail of said county. At the time of the sentence, the court fixed the time within which the appellant should prepare and serve a case-made at 60 days, and entered an order requiring the appellant to perfect his appeal in 90 days. This case was tried before a judge pro tempore. Subsequent to this time said judge pro tempore had granted a number of extensions of time within which the case-made should be prepared and served. A judge pro tempore has no power to extend the time for making and serving the case-made, after he has vacated the bench. See Rasberry v. State, 4 Okla. Cr. 631; James W. Dobbs v. State, 5 Okla. Cr. 475. These orders were therefore void. Appellant did not perfect his appeal to this court until the 15th day of April, 1910, which was more than the time originally allowed by the court within which to perfect the appeal. We therefore did not acquire jurisdiction of this appeal and it is dismissed.